UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KALEENA CATRICE-NICHOLE ARNOLD | CIVIL ACTION |
| VERSUS | NO. 18-8869 |
| SONNY PERDUE, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE | SECTION "G"(2) |

## ORDER AND REASONS ON MOTION

This is an employment discrimination action brought by plaintiff Kaleena Catrice-Nichole Arnold against her former employer, Sonny Perdue, in his capacity as Secretary of the United States Department of Agriculture ("Perdue"). Arnold asserts claims of wrongful termination, sex discrimination, sexual harassment, reprisal discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ("Title VII"). She seeks compensatory and punitive damages, court costs, a reinstated benefits package, to be placed in the Career Transition Assistance Program, and to have her misconduct expunged from her record. This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. Nos. 10.

Perdue filed a Rule 12(b)(6) motion for partial dismissal as to only plaintiff's sex and reprisal discrimination claims. Record Doc. No. 15. Alternatively, defendant's motion seeks a more definite statement under Rule 12(e) concerning these claims. Id. Specifically, the motion seeks that plaintiff "specify, at least, who she claims sexually harassed her, the general nature of the alleged harassment and, if she knows,

approximately when each instance of harassment occurred; and . . . the date and nature of the prior EEO activity that she claims gave rise to defendant's discriminatory reprisal." Record Doc. No. 15 at p. 1. Arnold filed a timely opposition memorandum, with exhibits that illuminate some of the basis for her sexual harassment, retaliation and reprisal claims. Record Doc. No. 16. Having considered the complaint, the record, the arguments of counsel and applicable law, and for the following reasons, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Under Fed. R. Civ. P. 12(b)(6), as clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison

2

Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 129 S. Ct. at 1959; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

Arnold filed her complaint pro se. Thus, the court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). In addition, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

As to defendant's alternative request for a more definite statement, Fed. R. Civ. P. 12(e) provides that a more definite statement of plaintiff's claims may be required if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired." As noted above, defendant's motion has set out the additional details he seeks.

Arnold used Administrative Office of the United States Courts approved Pro Se Form 7 to state her complaint. Record Doc. No. 1. Arnold checked the box on the form signifying that she was alleging discrimination on the basis of "gender/sex," and next to that box she wrote "men that sexually harass me reprimanded yet still employed." Id. at p. 5. Her form complaint vaguely references an "EEOC . . . prior complaint." Record Doc. No. 1 at p. 7. Her opposition memorandum also vaguely references her "prior EEOC activity," including a 2013 charge that was "settled out of court" and identified "the first male to sexually harass her," and a 2015 administrative law judge's ruling. Record Doc. No. 16 at p. 3.

Although an approved form was used, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678. Nevertheless, plaintiff need not plead all of the specific facts of a prima facie case of discrimination or harassment to survive a Rule 12(b)(6) motion to dismiss. Such a rule would impermissibly "substitute an 'evidentiary standard' for a

'pleading requirement.'" Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

Defendant is correct that Arnold's complaint "did not allege any facts, direct or circumstantial, that would suggest [defendant's] actions were based on [her gender] . . . or that [defendant] treated similarly situated [male] employees . . . more favorably" than they treated her, Raj, 714 F.3d at 331, all of which are necessary to state a gender discrimination claim.

Defendant is also correct that the "complaint describes no prior EEO activity at all. To state a claim, the complaint (as contrasted with her opposition memorandum) must, at a minimum, identify some prior EEO activity and tie the prior EEO activity to an adverse employment action." Record Doc. No. 15-1 at p. 6. Title VII protects an employee from retaliation only for having engaged in "a protected activity," Amanduron v. Am. Airlines, 416 Fed.Appx. 421, 424 (5th Cir. 2011) (citing Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002)), i.e., because she has opposed a racial or gender-based employment practice, made a charge or participated in a proceeding regarding such a practice. Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 58 (2006) (citing 42 U.S.C. § 2000e-3(a)); McCoy v. City of Shreveport, 492 F.3d 551, 561 n.28 (5th Cir. 2007). "Complaints to employers that do not complain of conduct protected by Title VII do not constitute protected activities under the statute." Williams v. Racetrac Petroleum,

5

Inc., 824 F. Supp. 2d 723, 726 (M.D. La. 2010) (quotation omitted) (citing Burlington N., 548 U.S. at 58) (emphasis added); accord Raby v. Westside Transit, 224 Fed.Appx. 384, 385 (5th Cir. 2007) (citing Grimes v. Tex. Dep't of Mental Health, 102 F.3d 137, 140 (5th Cir. 1996)).

Plaintiff's opposition memorandum and its attachments suggest that she may be able to state plausible claims for relief on these grounds if given a chance to amend her complaint and/or provide a more definite statement.

Accordingly, defendant's motion is denied insofar as it seeks partial dismissal. It is granted insofar as it seeks a more definite statement. The court hereby requires Arnold to file an amended complaint, no later than April 16, 2019. The amended complaint must clearly state (1) the name(s) of the person or persons whom she claims sexually harassed her; (2) factual allegations describing the nature and the basis for her sexual harassment claims; (3) the dates on which the alleged incidents of sexual harassment occurred; (4) whether these same claims of sexual harassment were the ones that were "settled out of court in Arnold v. USDA (2013) EEOC," as stated in plaintiff's opposition memorandum, Record Doc. No. 16 at p. 3; (5) facts supporting her claim that defendant's employment actions against her, including her termination, were based on her gender; (6) the name(s) of all similarly situated male employees who were treated more favorably than plaintiff and a description of how they were treated more favorably; and (7) the date(s), nature and

6

claim number(s), if any, of all prior EEO activity that plaintiff claims gave rise to defendant's reprisal and/or retaliation against her.

New Orleans, Louisiana, this <u>    13th   </u> day of March, 2019.

<u>                                              </u>
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE